NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-1695

———————

CARLOS ALBERTO PAREDES-RIVEROS,
                                          Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                          Respondent

———————

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Honorable Margaret R. Reichenberg
(No. A095-429-609)

———————

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2017

Before: AMBRO, KRAUSE, and RENDELL, Circuit Judges

(Opinion filed: January 9, 2018)

———————

OPINION[*]

———————

AMBRO, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Carlos Paredes-Riveros, a native and citizen of Peru, petitions us to remand to the Board of Immigration Appeals ("BIA") his second motion to reopen his removal proceedings. In March of 2009 an Immigration Judge ("IJ") ordered Paredes removed to Peru after finding him ineligible for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Paredes appealed, and the BIA affirmed. Fifteen months later, he filed a motion to reopen his removal proceedings; the BIA denied that motion and entered its final order of removal. Paredes petitioned us to review the BIA's decision, and we dismissed for lack of jurisdiction. Years later, in November of 2016, he filed a numerically barred and untimely motion with the BIA asking that it reopen his case on its own motion. 8 U.S.C. § 1229a(c)(7)(A) ("An alien may file one motion to reopen proceedings. . . ."); *id.* § 1229a(c)(7)(C)(i) ("[T]he motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal."); 8 C.F.R. § 1003.2(a) ("[The BIA] may at any time reopen . . . on its own motion any case in which it has rendered a decision.").

Paredes sought *sua sponte* reopening so that he could apply for an adjustment of status under 8 U.S.C. § 1255(a) through his daughter, a recently naturalized U.S. citizen, and ask the Department of Homeland Security for a Terrorism-Related Inadmissibility

Grounds ("TRIG") exemption.[1] Based on allegedly changed conditions in Peru,[2] he also sought reopening to reapply for asylum under 8 U.S.C. § 1158(a), withholding of removal under 8 U.S.C. § 1231(b)(3), and CAT protection. The BIA denied the motion in its entirety. In his petition for review, Paredes argues that the BIA erred by basing its decision not to reopen *sua sponte* on an incorrect legal premise and abused its discretion by failing to consider his arguments and evidence of changed conditions in Peru.

The BIA had jurisdiction over Paredes's motion to reopen under 8 C.F.R. § 1003(2). While we have jurisdiction over petitions for review of BIA final orders under 8 U.S.C. § 1252(a)(1), we have repeatedly held that "the BIA has 'unfettered discretion to decline to *sua sponte* reopen.'" *Chehazeh v. Att'y Gen.*, 666 F.3d 118, 129 (3d Cir. 2012) (quoting *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir. 2003)). Therefore, we generally cannot review its denial of *sua sponte* reopening. *See Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 651 (3d Cir. 2017).

One exception, argued in this petition, is if "the BIA relie[d] on an incorrect legal premise in denying [the] motion." *Id.* That did not occur here. The BIA found that even "if [Paredes were] granted [a TRIG] exemption," his "[b]ecoming potentially eligible for

---

[1] Without a TRIG exemption, Paredes could not be eligible for an adjustment of status. Following his March 2009 hearing, the IJ found that he had provided material support to Shining Path, a designated foreign terrorist organization. An alien who provides material support to a terrorist organization is inadmissible, and therefore ineligible for adjustment of status. 8 U.S.C §§ 1182(a)(3)(B)(i)(VII), 1225(a).

[2] The ninety-day limit to file a motion to reopen does not apply to motions for asylum relief "based on changed country conditions[,]" proven by evidence that is "material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii).

[a family-based visa] after a final administrative decision has been entered is common and does not, in itself, constitute an exceptional circumstance" warranting *sua sponte* reopening. *See Chehazeh*, 666 F.3d at 128 ("[T]he BIA views its authority to reopen as being limited and only available in 'exceptional situations' . . . .").[3] Contrary to his briefing, this determination addressed the TRIG exemption arguments and is outside our jurisdiction to review.

Paredes's abuse-of-discretion arguments also fail. To overcome the time and numerical limits for filing his motion to reopen, Paredes needed to demonstrate an adverse change in conditions in Peru, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(2), which the BIA held he did not. He asserts that the BIA failed to address each argument he raised regarding changed conditions and gave insufficient consideration to the evidence.

The BIA "abuses its discretion when it fails to consider and appraise the [arguments and] material evidence before it." *Shardar v. Att'y Gen.*, 503 F.3d 308, 315 (3d Cir. 2007) (internal quotation marks and citation omitted); *see also Fei Yan Zhu v. Att'y Gen.*, 744 F.3d 268, 272 (3d Cir. 2014) (defining the abuse-of-discretion standard as whether "the BIA meaningfully considered the evidence and arguments . . . presented"). But while "it may not ignore evidence favorable" to Paredes, it need not "expressly parse each point or discuss each piece of evidence presented . . . ." *Fei Yan Zhu*, 744 F.3d at

---

[3] We further note that even if the BIA had found Paredes's recent eligibility for adjustment of status to be an "exceptional situation," "the presence of an exceptional situation does not compel it to act; the BIA may still decide against reopening." *Sang Goo Park*, 846 F.3d at 650.

4

272. Rather, the BIA must simply "provide an indication that it considered such evidence, and if [it] is rejected, an explanation as to why it was rejected." *Id.*; *see also Filja v. Gonzalez*, 447 F.3d 241, 256 (3d Cir. 2006) (The BIA need not "write an exegesis on every contention" raised, but "merely . . . consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.").

Here, the BIA indicated that it had considered Paredes's evidence and arguments and explained why it found them insufficient. Citing specific exhibits Paredes included in his motion, the BIA found that "the background evidence reflects that Peruvian authorities have long combated [the] Shining Path," and that, "while [it] continues to target individuals and the Peruvian military, substantially similar conditions existed at the time of [Paredes's] 2009 hearing." Therefore, the BIA was "not persuaded that conditions in Peru are materially different with respect to the [Paredes's] claim for future persecution or alleged fear of torture." Neither the BIA's decision nor its reasoning show an abuse of discretion.

We therefore must deny the petition to remand.